United States District Court
District of Massachusetts

| | |
|---|---|
| **TANNAZ M. KHORSANDIAN,** )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>**JP MORGAN CHASE BANK, N.A.,** )<br>)<br>Defendant. )<br>) | Civil Action No.<br>13-11692-NMG |

**MEMORANDUM & ORDER**

**GORTON, J.**

This case concerns a lost safe deposit box and the efforts of pro se plaintiff Tannaz M. Khorsandian ("plaintiff" or "Khorsandian"), also known as Megan, to hold JP Morgan Chase Bank, N.A. ("defendant" or "JP Morgan Chase") liable. She seeks to circumvent a settlement agreed to by her and her mother, Fariba Amary ("Amary"), in a parallel case concerning these same facts. Pending before the Court are the defendant's motion to dismiss and related motions by both parties.

I.   **Background**[1]

In June, 2008, Amary leased a safe deposit box at branch of Washington Mutual Bank ("Washington Mutual") in Houston, Texas. Khorsandian co-signed the lease. In September, 2008, JP Morgan

---

[1] The factual background of this case is identical to that of Amary v. JP Morgan Chase Bank, N.A., 12-cv-10777-NMG, a case brought by the instant plaintiff's mother.

-1-

Chase acquired Washington Mutual.  Sometime between then and 2012, Amary went to Houston but was unable to find her assigned safe deposit box and could not recover its contents.

In April, 2012, Amary filed a pro se complaint, claiming that defendant lost certain items from the safe deposit box and alleging various claims against defendant.  The record does not indicate the box's contents but Amary claimed $235,900 in damages.  Khorsandian was not a named plaintiff in that action.

Amary attended a mediation hearing with Magistrate Judge Jerome Niedermeier in May, 2013.  She was accompanied by Khorsandian and Attorney Paul Marino ("Attorney Marino"), who acted as Amary's attorney that day.  Although the parties agreed on a settlement that was read in open court, Amary reneged the next day and moved to withdraw her assent.  Magistrate Judge Robert B. Collings denied that motion and allowed a motion to enforce the settlement.  The Court then overruled that objection and dismissed the case in a parallel order filed today in Amary.

Attempting to circumvent the proceedings in Amary, Khorsandian, also acting pro se, filed a complaint alleging the same facts in July, 2013.  Defendant then moved to dismiss Khorsandian's claims as precluded by the settlement in Amary.  The motion was filed under seal because the Amary settlement was sealed until November, 2013.  A redacted motion to dismiss followed.  Khorsandian responded with a motion for default in

response to which defendant filed a motion to strike and a motion for sanctions. Not to be outdone procedurally, Khorsandian then filed her own motion to strike defendant's motion for leave to file a motion to dismiss under seal.

## II. Defendant's Motion to Dismiss

Defendant argues that all claims related to the lost contents of the safe deposit box were released when the Amary case settled and, with final judgment entered in that case, Khorsandian's claim is precluded. Plaintiff responds that she was never a party to the Amary case and therefore cannot be bound by any settlement agreement in that case. To the extent that settlement is binding, Khorsandian contends that her claims arise out of JP Morgan Chase's alleged forgeries, acts not covered by Amary. Because of the present posture of the case, the Court need only decide whether the settlement in Amary precludes the subject complaint.

The Court concludes that Khorsandian's complaint is precluded. Although she was not a named party in Amary, Khorsandian attended the mediation hearing and offered her assent to the settlement in the same manner as Amary. If, as the ex parte pleading filed by Amary in her parallel case asserts, Khorsandian is somehow disabled and unable to express her assent, plaintiff should have brought that to the court's attention. The Court also finds no support for the proposition

that a non-party is foreclosed by virtue of her status from entering into a settlement.  Khorsandian's status as a "co-signer" on the lease has not been fully described but the Court concludes that the individuals involved in the mediation, including Magistrate Judge Niedermeier, defendant's representatives, Attorney Marino, Amary and Khorsandian, would not have countenanced (and did not, in fact, countenance) a partial settlement.

The Court declines Khorsandian's invitation to view her complaint as alleging a different set of facts from the <u>Amary</u> case.  Magistrate Judge Niedermeier stated that the settlement would release "both sides from any future claims arising out of this particular incident," leaving no doubt that any related claim is barred.

### III. <u>Plaintiff's Motion for Default, Defendant' Motion to Strike and Plaintiff's Motion to Strike</u>

Plaintiff's motion to enter a notice of default against defendant lacks any basis in law and defendant appropriately moves to strike that motion.  Khorsandian's motion is apparently based on an out-of-context reading of Fed. R. Civ. P. 12(a)(1)(A)(i) because she moved for default against defendant after it had failed to submit an answer within 21 days of being served with the summons and complaint on July 17, 2013.  Defendant did not submit an answer before the August 7 deadline

but it did file a motion to dismiss on that date which alters the applicable pleading rules. See Fed. R. Civ. P. 12(a)(4).

Defendant brought that discrepancy to plaintiff's attention but she rebuffed defendant's suggestion and instead filed (1) an opposition to the motion to strike and (2) her own motion to strike defendant's motion to dismiss. To the extent the Court understands plaintiff's argument, she contends that defendant's motion to dismiss was invalid because it did not include a certification under Local Rule 7.1(a)(2) which requires that counsel, prior to filing a motion, "certify that they have conferred and have attempted in good faith to resolve or narrow the issue." L.R. 7.1(a)(2). According to plaintiff's theory, the defendant would be in default because its motion to dismiss was improperly filed and must be stricken and, thus, defendant has failed to respond within 21 days of being served.

Plaintiff's arguments are unavailing. Parties need not file futile certifications under Rule 7.1 and that exception applies here. See Blanchard v. Swaine, No. 08-40073, 2010 WL 4922699, at *5 (D. Mass. Nov. 29, 2010). Accordingly, plaintiff's motion to strike will be denied, plaintiff's dependent motion for default will also be denied and defendant's motion to strike will be allowed.

## IV. <u>Defendant's Motion for Sanctions</u>

Defendant has moved for sanctions under Fed. R. Civ. P. 11, alleging that plaintiff's motion for default was filed for "ulterior motives." Although the Court shares defendant's vexation with respect to plaintiff's subject motion, the Court concludes that a warning will suffice to deter any similarly unfounded filings in the future.

Rule 11 protects defendants and the Court from frivolous lawsuits by requiring filers in federal court to certify a proper purpose. <u>See</u> Fed. R. Civ. P. 11(b). Sanctions under Rule 11 should be "limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Id. § (c)(4). Ultimately, imposing sanctions under Rule 11 is committed to the sound discretion of the court.

Plaintiff's subject motions are based on a convoluted and, ultimately, unsuccessful legal theory. Although further research by plaintiff would have led to a more enlightened judicial pleading, Rule 11 does not punish past transgressions. The Court cannot conclude that Khorsandian willfully abused the judicial system and her present financial difficulties are uncontested. Defendant's motion for sanctions will be denied. The Court does, however, caution plaintiff that even pro se litigants must heed the Federal Rules of Civil Procedure and are not to file needless pleadings with the Court.

**ORDER**

For the foregoing reasons,

1) plaintiff's motion for entry of default (Docket No. 12) is **DENIED**;

2) defendant's motion to strike plaintiff's motion for entry of default (Docket No. 14) is **ALLOWED**;

3) defendant's motion for sanctions pursuant to Rule 11 (Docket No. 16) is **DENIED**; and

4) plaintiff's motion to strike defendant's motion for leave to file motion to dismiss under seal (Docket No. 19) is **DENIED**; and

5) defendant's motions to dismiss (Docket Nos. 8 & 10) are **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton_____
Nathaniel M. Gorton
United States District Judge

Dated January 13, 2013